# United States District Court
# Central District of California

| | |
|---|---|
| CHRIS LANGER, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>SAN PEDRO STREET PROPERTIES, LLC, a California limited liability company; and Does 1-10,<br><br>    Defendants. | Case No. 2:17-cv-08780-ODW(AFM)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT [19]** |

## I.   INTRODUCTION

Plaintiff Chris Langer ("Plaintiff" or "Langer") moves for default judgment against Defendant San Pedro Street Properties, LLC ("SPSP") for violations of the Americans with Disabilities Act ("ADA") and Unruh Civil Rights Act ("Unruh"). (*See* Pl.'s Appl. for Default J., ECF No. 19.) For the reasons discussed below, the Court **GRANTS** Langer's Motion for Entry of Default Judgment and **GRANTS, IN PART,** Langer's request for attorney's fees and costs.[1]

---
[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

Langer is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 1, ECF No. 1.) He has a specially equipped van and a disabled-person parking placard. (*Id.*) Plaintiff alleges that he visited SPSP in June 2017 to make a purchase from a store on the property ("LA Display Fixture") and found that the lot lacked handicap parking spaces. (*Id.* ¶¶ 8, 11.) Langer alleges that the lack of handicap parking "denied [him] . . . full and equal access" and "caused him difficulty and frustration." (*Id.* ¶ 16.) Langer alleges that he would like to return to the business but is deterred because of SPSP's failure to offer handicap-accessible parking. (*Id.* ¶ 18.)

On December 6, 2017, Langer filed this action against SPSP for failing to provide a handicap-accessible parking space on its premises, in violation of the ADA and Unruh. (*See generally id.*) On January 9, 2018, Langer requested that the Clerk of Court enter default, which it did on January 10, 2018. (ECF Nos. 9, 13). However, two hours after Langer's request, SPSP applied for a stay pending mediation. (ECF No. 10.) Accordingly, on January 16, 2018, the Court ordered Langer to show cause why the Court should not set aside the entry of default. (ECF No. 14.)

SPSP filed a notice explicitly stating that it had considered the economics of the case and elected to "allow the default to stand." (Notice of Election by Def. to Allow Entry of Default to Remain ("Notice"), ECF No. 15.) SPSP also noted it had "taken measures to make sure that the parking lot is used by employees only, and is not a public accommodation, thus is not subject to the ADA." (*Id.*) Accordingly, the Court discharged its Order to Show Cause and allowed the default to stand. (ECF No. 16.) For eight months, Langer took no further action to prosecute the matter. (ECF No. 18.) On August 22, 2018, the Court ordered Langer to show cause why the Court should not dismiss the matter for failure to prosecute. (*Id.*) Langer then moved for entry of default judgment. (Mem. in Support of Mot. ("Mot."), ECF No. 19-1.)[2]

---

[2] On September 26, 2018, SPSP filed an Objection to Proposed Default Judgment and Order. The Court cannot consider SPSP's Objection because it was filed after the Clerk entered default. *See Great Am. Inc. Co. v. M.J. Menefee Const., Inc.*, No. F06-0392-AWI-DLB, 2006 WL 2522408, at *2

Langer seeks (1) injunctive relief under the ADA compelling SPSP to provide handicap-accessible parking in compliance with the ADA and Unruh, (2) damages under Unruh for the statutory minimum of $4000.00, and (3) $6660.50 in attorneys' fees and costs pursuant to 42 U.S.C. § 12205 and California Civil Code section 52. (Compl. 7; Mot. 6.)

For the reasons below, the Court **GRANTS** Langer's Motion for Entry of Default Judgment and **GRANTS, IN PART,** Langer's request for attorney's fees and costs.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("FRCP") 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). Before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in FRCP 54(c) and 55, as well as Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; (4) that the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). C.D. Cal. L.R. 55-1.

If these procedural requirements are satisfied, a district court has discretion to grant a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

---

(E.D. Cal. Aug. 29, 2006) (noting that entry of default cuts off a defendant's right to appear in the action). Should SPSP desire the Court to consider its Objection, SPSP must first move to set aside entry of default. *See Jitrade, Inc. v. Style in USA, Inc.*, No. 2-17-cv-04245-ODW-SK, 2017 WL 8185858, at *1 (C.D. Cal. Oct. 2, 2017) (finding that a defendant seeking to defend an action after default has been entered must first move to set aside entry of default); *see also KT AMC Co. v. LWC Capital, LLC*, No. 2:17-cv-04289-ODW-PLA, 2017 WL 7171719, at *1 (C.D. Cal. Nov. 6, 2017) (same); *Warner Bros. Home Entm't, Inc. v. Meyers*, No. CV-13-00890-SJO-VBKx, 2013 WL 12142605, at *1 (C.D. Cal. April 24, 2013) (same). Accordingly, the Court **STRIKES** Defendant's Objection. (ECF No. 21.)

"[A] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). In exercising its discretion, a court considers several factors (the "*Eitel* Factors"): (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Generally, upon entry of default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to the amount of damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

A party who has violated the ADA or Unruh is liable for attorneys' fees and costs under 42 U.S.C. § 12205 or California Civil Code section 52(a). Where, on application for default judgment, a party seeks attorney fees and costs pursuant to a statute, those fees are calculated in accordance with the schedule provided by the court. C.D. Cal. L.R. 55-3. A court may award attorney fees in excess of the schedule when the attorney makes a request at the time of the entry of default. *Id.*

## IV. DISCUSSION

Langer has satisfied the procedural requirements, and the *Eitel* Factors weigh in favor of granting default judgment. However, the Court finds that the amount of attorneys' fees requested is excessive and unreasonable, and reduces the fee award accordingly.

### A. Procedural Requirements

Langer has complied with the procedural requirements for the entry of a default judgment. Langer's counsel asserts: (1) the Clerk entered default against SPSP (2) on the Complaint that Langer filed on December 6, 2017; (3) SPSP is not an infant or

incompetent person; (4) SPSP is not covered under the Servicemembers Civil Relief Act; and (5) Langer served SPSP with notice of this Motion for Entry of Default Judgment by first class United States Mail on August 29, 2018.[3] (Mot. 1, 2; Decl. of Dennis Price ("Price Decl.") ¶¶ 2, 5, ECF No. 19-4.) Thus, Langer satisfied the procedural requirements of FRCP 54(c) and 55, as well as Local Rule 55-1.

**B.** *Eitel* **Factors**

Once the procedural requirements are satisfied, a district court must consider the *Eitel* Factors in exercising its discretion to enter default judgment. Upon review, the Court finds that the factors favor granting entry of default judgment against SPSP.

*1. Possibility of Prejudice to Plaintiff*

The first *Eitel* factor considers whether the plaintiff will suffer prejudice if a default judgment is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse for recovery of compensation. *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. Here, SPSP consciously elected not to participate in the action. Absent entry of default judgment, Langer is left without recourse to recover on SPSP's ADA and Unruh violations. Accordingly, this factor favors entry of default judgment.

*2. Substantive Merits & 3. Sufficiency of the Complaint*

The second and third *Eitel* factors require a plaintiff to state a claim under which he may recover. *PepsiCo*, 238 F. Supp. 2d. at 1175. Langer asserts claims for violations of both the ADA and Unruh.

*a. Langer's ADA Claim*

Langer has alleged facts sufficient to establish that SPSP violated Title III of the ADA, which prohibits any public accommodation from discriminating against a

---

[3] The Court also notes that SPSP counsel has appeared in this case and consented to receive service through the CM/ECF System. *See* C.D. Cal. L.R. 5-3.2. As such, he received notice of Plaintiff's Motion through the CM/ECF System.

disabled person "in the full and equal enjoyment of . . . services, facilities, privileges, advantages, or accommodations." (Mot. 2, 3.)

To succeed on his ADA claim, Langer must establish that (1) he is "disabled within the meaning of the ADA," (2) that SPSP "is a private entity that owns, leases, or operates a place of public accommodation," (3) that SPSP denied Langer public accommodation because of his disability, (4) that the parking lot at SPSP's property "presents an architectural barrier prohibited under the ADA," and (5) "the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1007–08 (C.D. Cal. 2014) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

First, under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists walking as a "major life activit[y]." *Id*. § 12102(2)(A). Langer alleged that he is a "paraplegic who cannot walk and who uses a wheelchair for mobility." (Compl. ¶ 1.) Because Langer's allegations are accepted as true, he has established that he is disabled within the meaning of the ADA.

Second, the ADA specifically lists sales establishments as "private entities considered public accommodations. 42 U.S.C. § 12181(7)(E). Property owners are charged with ensuring compliance with the ADA. *Id.* § 12182(a). Here, Langer alleged that "LA Display Fixture is a facility open to the public, a place of public accommodation, and a business establishment." (Compl. ¶ 9.) Langer also alleged that SPSP is a private entity that owns the real property on which LA Display Fixture is located. (*Id.* ¶¶ 2–3.) Accepting these allegations as true, LA Display Fixture is a place of public accommodation and subject to Title III of the ADA.

As to the third and fourth factors, "a public accommodation shall maintain . . . facilities . . . that are required to be readily accessible to and usable by persons with disabilities." 28 C.F.R. § 36.211(a). "Whether a facility is readily accessible is defined, in part, by the ADA Accessibility Guidelines (ADAAG)." *Chapman v.*

*Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (internal quotation marks omitted). The ADAAG guidelines "lay out the technical structural requirements of places of public accommodation." *Id.* (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1080–81 (9th Cir. 2004)). The ADAAG guidelines require facilities that offer public parking to provide at least one handicap-accessible parking space. ADAAG § 4.1.2(5)(a) (1991); *see also* ADAAG § 208 (2010) ("Where parking spaces are provided, parking spaces shall be provided in accordance with 208."). Here, Langer alleges SPSP failed to provide a handicap-accessible parking space in its public lot and that the inaccessible conditions denied him full and equal access to LA Display Fixture. (Compl. ¶¶ 8–11, 16.) Accepting these allegations as true, the lack of handicap-accessible parking in SPSP's public lot presented an architectural barrier that denied Langer public accommodation because of his disability.

Fifth, creating a designated handicap-accessible parking space in a public parking lot is considered readily achievable. 28 C.F.R. § 36.304(b); *Vogel*, 992 F. Supp. 2d at 1011. Thus, the Court finds that removal of the barrier is "readily achievable."

Accepting as true the well-pleaded factual allegations in the complaint, Langer has alleged facts sufficient to establish a violation of the ADA.

### b. Unruh Civil Rights Act Claim

The court in *Vogel* noted, "[a] violation of the ADA necessarily violates the Unruh Act." 992 F. Supp. 2d at 1011. Since Langer has established a meritorious ADA claim, the Court finds that Langer also established a meritorious Unruh claim.

Langer has alleged sufficient facts to establish his ADA and Unruh claims. As such, he has stated a claim under which he may recover. Accordingly, the second and third *Eitel* factors favor granting entry of default judgment.

### 4. The Amount at Stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness" of a defendant's conduct. *PepsiCo*, 238 F. Supp. 2d at 1176; *Eitel*, 782

F.2d at 1471. The amount at stake must be proportionate to the harm alleged. *Landstar*, 725 F. Supp. 2d at 921. Here, Langer requests the statutory minimum of $4000.00 for damages under Unruh. (Mot. 6.) Given that Langer's request for damages under Unruh is the statutory minimum, the damages sought are proportionate to the harm alleged. Consequently, the amount at stake favors entry of default judgment.

### 5. *Possibility of Dispute*

The fifth *Eitel* factor considers the possibility that material facts are in dispute. *PepsiCo*, 238 F. Supp. 2d at 1177. Because the allegations in Langer's Complaint are presumed true, no factual disputes exist that would preclude entry of default. *See Vogel*, 992 F. Supp. 2d at 1013. Further, SPSP filed a notice, "allow[ing] the default to stand." (Notice 2.) As such, SPSP forfeited any challenge to the material facts alleged. *See Great Am. Inc. Co.*, 2006 WL 2522408, at *2 (noting that entry of default cuts off a defendant's right to defend). Accordingly, the Court finds this factor favors entry of default judgment.

### 6. *Possibility of Excusable Neglect*

The sixth *Eitel* factor considers the possibility that a defendant's default is the result of excusable neglect. *Eitel*, 782 F.2d at 1471–72. Here, Langer properly served SPSP with notice of the Complaint by first class United States Mail on December 18, 2017. (Proof of Service, ECF No. 7.) As SPSP responded and elected to allow the default to stand (Notice 2), this factor weighs in favor of entering default judgment.

### 7. *Policy Favoring Decision on the Merits*

"[D]efault judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F. Supp. 2d at 1177. SPSP elected to

allow the default to stand, making a decision on the merits impossible. (*See* Notice 2.) Accordingly, this factor does not preclude entry of default judgment.

All factors favor, or do not preclude, the entry of default judgment. Consequently, the Court finds entry of default judgment appropriate.

**C. Damages**

*1. Statutory Damages*

While the ADA does not provide for monetary damages, Unruh does. *See* 42 U.S.C. § 12188(a); Cal. Civ. Code § 52(a) (entitling the prevailing party to damages "in no case less than four thousand dollars"). Langer requests the $4000.00 statutory minimum. Accordingly, the Court awards Langer $4000.00 in statutory damages.

*2. Attorney's Fees and Costs*

As both the ADA and Unruh claims are meritorious, Langer may recover attorneys' fees under 42 U.S.C. § 12205 or California Civil Code section 52(a). Langer may also recover costs as provided in 29 U.S.C. § 1920, FRCP 54(d)(1) and Local Rule 54-2.

In an application for default judgment, where attorney's fees are sought pursuant to a statute, fees are calculated according to the schedule provided by the court. C.D. Cal. L.R. 55-3. Where the amount of judgment falls between $1000.01 and $10,000.00, the fee award is "$300 plus 10% of the amount over $1,000." *Id.* As such, the schedule grants attorney's fees in the amount of $600.00.[4]

However, attorneys may request fees in excess of the schedule, as Langer's attorneys have done. *Id.* It is in the Court's discretion to determine the reasonableness of the fees requested. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine reasonableness, a court considers the "lodestar" method, multiplying the hours reasonably expended by a reasonable hourly rate. *Id.* Courts should exclude hours that are excessive, redundant, or not reasonably expended. *Id.* at 434.

---

[4] Total damages award is $4000.00. Accordingly, $300.00 + (($4000.00 − $1000.00) x 0.10) = $600.00. Thus, Langer would be granted $600.00 in attorney's fees under the schedule.

Langer's attorney, Dennis Price, requests $6035.50 in fees and $625.00 in costs, for a total of $6660.50. (Mot. 6; Price Decl. 7.) Attorney Price submitted a billing statement reflecting that his firm expended a total of 14.9 hours of work billed at rates of either $350.00 or $425.00, depending on the attorney completing a given task. (Price Decl. 7–9.) The Court finds the number of hours expended excessive. While represented by the same firm, Langer has filed over 600 cases since 2014 in the Central District of California alone—over 25 cases before this Court.[5] The cases include nearly identical complaints and subsequent filings. In light of the redundancy of work, familiarity with Langer, expertise in the area of law, and straightforward nature of the cases involved for the extensively-trained attorneys, deviation from Local Rule 55-3 is not warranted. Accordingly, the Court awards attorney's fees pursuant to Local Rule 55-3 in the amount of $600.00. The Court accepts Attorney Price's declaration of costs and awards costs in the amount of $625.00.

---

[5] *See, e.g.*, *Langer v. Roclar Co. Inc. et al.*, No. 2:14-cv-01623-ODW-AJW; *Langer v. Michael Butler Grass Valley Ass'n et al.*, No. 2:14-cv-05992-ODW-RZ; *Langer v. Elsinore Pioneer Lumber Co. et al.*, No. 2:14-cv-08293-ODW-PLA; *Langer v. Steve Demircift et al.*, No. 2:15-cv-05006-ODW-PLA; *Langer v. Luxor Props., Inc. et al.*, No. 2:15-cv-09906-ODW-JPR; *Langer v. Ennabe Props., Inc. et al.*, No. 2:16-cv-00053-ODW-KS; *Langer v. Zipora Ostfeld et al.*, No. 2:16-cv-04921-ODW-PLA; *Langer v. Rigoberto Garcia et al.*, No. 2:16-cv-05755-ODW-SK; *Langer v. Goodwill et al.*, No. 2:16-cv-05955-ODW-AJW; *Langer v. Darla Lesh et al.*, No. 2:16-cv-05985-ODW-SK; *Langer v. Pamela S. Harper et al.*, No. 2:16-cv-07043-ODW-JPR; *Langer v. Maria E. Figueroa et al.*, No. 2:16-cv-07107-ODW-AJW; *Langer v. Rodney A. Topkov et al.*, No. 5:17-cv-00959-ODW-KK; *Langer v. Yobana Chavez et al.*, No. 2:17-cv-ODW-AS; *Langer v. Agop Arakelian et al.*, No. 2:17-cv-06409-ODW-GJS; *Langer v. Rosa United Invs., Inc. et al.*, No. 2:17-cv-08940-ODW-AS; *Langer v. Ted S. Mayeda et al.*, No. 8:15-cv-01032-ODW-AJW; *Langer v. Laura D. Lenc et al.*, No. 2:18-cv-07617-ODW-E; *Langer v. Jamshid Shafai et al.*, No. 2:18-cv-07246-ODW-RAO; *Langer v. Argo-Lincoln, LLC*, No. 2:18-cv-05734-ODW-AS; *Langer v. Ramesh K. Manglani et al.*, No. 2:18-cv-04977-ODW-GJS; *Langer v. 1240 Palmetto, LLC et al.*, No. 2:18-cv-02541-ODW-AFM; *Langer v. John Tchaprazian et al.*, No. 2:18-cv-02536-ODW-E; *Langer v. 919-921 Broadway LLC et al.*, No. 2:18-cv-02447-ODW-FFM; *Langer v. Maroun Boutros et al.*, No. 2:18-cv-01497-ODW-SS; *Langer v. 6228 Franklin, LLC. et al.*, No. 2:18-cv-00565-ODW-SS.

## V. CONCLUSION

The Court **GRANTS** Langer's Motion for default judgment and awards $4000.00 in statutory damages. To the extent that SPSP's parking lot is one of public accommodation, it must comply with the specifications set forth in the ADAAG. The Court **GRANTS, IN PART,** Langer's request for attorneys' fees and costs and awards $600.00 in attorneys' fees and $625.00 in costs.

**IT IS SO ORDERED.**

November 8, 2018

_____
          **OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**